IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA    :     CRIMINAL ACTION
                              :
          v.             :      No. 1:09-CR-064-ODE-ECS
                              :
PORFIRIO AYALA-CASTANEDA (1)    :
JUAN CAMPOS-REYES (2)         :
MIGUEL ANGEL SEGURA-FARFAN (3)   :

**REPORT AND RECOMMENDATION**
**UNITED STATES MAGISTRATE JUDGE**

The above-captioned matter is before the Court on motions for a <u>Jackson v. Denno</u> hearing filed by Defendant Juan Campos-Reyes [Doc. 64] and Miguel Angel Segura-Farfan [Doc. 61]. The matter is also before the Court on motions to suppress evidence file by Defendant Porfirio Ayala-Castaneda [Doc. 68] and Defendant Miguel Angel Segura-Farfan [Dco. 62,77]. With respect to the motions for a <u>Jackson v. Denno</u> hearing, the motions [Doc. 61,64] should be **DENIED** for failure by the Defendants to particularize the motion to set forth any basis for an evidentiary hearing on the admissibility of any particular statements. <u>See</u> <u>United States v. Richardson</u>, 764 F.2d 1514, 1527 (11th Cir. 1985). The motions to suppress evidence filed by Segura-Farfan [Docs. 62, 77] and Porfirio Ayala-Castaneda [Doc. 68], which attack the same search warrant upon the same grounds, will be addressed herein below. The motions to suppress are fully briefed, Defendant Segura-Farfan's reply having been filed

on April 29, 2009. [Doc. 85]. For the reasons stated, the undersigned recommends that the motions to suppress evidence also be **DENIED**.

**I.**
**The Motion to Suppress**

**A.   Background and Issues**

The motions to suppress attack a search warrant issued on August 21, 2008, by a magistrate judge of Clayton County, for the search of premises located at 7787 Bar Harbor Road, Riverdale, Clayton County, Georgia.  A copy of the affidavit and application for the warrant, along with the warrant, are attached as Exhibit "A" to both Defendants' motions. [Doc. 68-2, 77-2].  The motions argue that the warrant fails to meet minimum requirements, in particular, because of its reliance on stale information and because of its failure to show the reliability and qualifications of the informant. In general, Defendants argue that the affidavit fails to set forth probable cause.  Further, Defendant Segura-Farfan submits that the scope of the warrant did not include search of a vehicle found in the garage.

The government responds that the information in the affidavit was not stale and that the information supplied by the confidential source was both reliable and corroborated.  As for the search of the vehicle in the garage, the government contends that the warrant

2

authorized a search of the premises, which includes within its scope the search of the vehicle in the garage. Finally, the government submits that the warrant and the search should alternatively be upheld based upon the good faith exception to the exclusionary rule set forth in United States v. Leon, 468 U.S. 897 (1984).

**B.    Legal Principles**

    1.    Probable Cause

"Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999). In Illinois v. Gates, 462 U.S. 213, 232 (1983), the Supreme Court explained that probable cause is "a fluid concept - turning on the assessment of probabilities in particular factual contexts - not readily, or even usefully, reduced to a neat set of legal rules."

In determining whether probable cause exists:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for . . . concluding that probable cause existed.

<u>Id.</u> at 238-39 (brackets and internal quotation marks omitted)(citing <u>Jones v. United States</u>, 362 U.S. 257, 271 (1960)).

    2.   <u>Staleness</u>

To counter a charge of staleness, "the government 'must reveal facts that make it likely that the items being sought are in that place when the warrant issues.'" <u>United States v. Harris</u>, 20 F.3d 445, 450 (11th Cir. 1994)(quoting <u>United States v. Domme</u>, 753 F.2d 950, 953 (11th Cir. 1985)). In this circuit, courts "do[] not apply some talismanic rule which establishes arbitrary time limitations for presenting information to a magistrate, rather, [they] review[] each case based on the unique facts presented." <u>Id.</u> (citations omitted). In making a determination, courts "may consider the maturity of the information, nature of the suspected crime [], habits of the accused, character of the items sought, and nature and function of the premises to be searched." <u>Id.</u> (string cite omitted).

Stated another way, information in a warrant application must be timely for probable cause to exist, for probable cause must exist at the time the magistrate judge issues the search warrant. <u>United States v. Magluta</u>, 198 F.3d 1265, 1271 (11th Cir. 1999)(citations and quotations omitted); <u>see</u> <u>also</u> <u>United States v. Bascaro</u>, 742 F.2d 1335, 1345-46 (11th Cir. 1984). A warrant application based upon stale information of previous misconduct is insufficient because it

4

fails to create probable cause that similar or other improper conduct is continuing to occur. <u>Bascaro</u>, 742 F.2d at 1345.

3. <u>The Good Faith Exception</u>

In <u>United States v. Leon</u>, 468 U.S. 897 (1984), the Supreme Court held that evidence need not be suppressed when police obtain the evidence through objective, good faith reliance on an initially valid warrant that is later found to lack probable cause. <u>Id.</u> at 920-23. "The 'good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization. In making this determination, all of the circumstances . . . may be considered.'" <u>United States v. Taxacher</u>, 902 F.2d 867, 871 (11th Cir. 1990)(quoting <u>id.</u> at 922 n.23). The good faith exception does not, however, extend to cases where the police have no reasonable grounds for believing that the warrant was properly issued.

The Supreme Court in <u>Leon</u> identified four situations in which reliance by the police on a warrant would not be objectively reasonable:

(1) when the judge issues the warrant on a deliberately or recklessly false affidavit;

(2) when the judge wholly abandons his judicial role;

5

(3)   when a warrant is issued on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; or

(4)   when the warrant is so facially deficient that an officer could not reasonably presume it to be valid.

Leon, 406 U.S. at 923; Taxacher, 902 F.2d at 871.

4.   Scope of the Warrant

"General warrants, allowing a general, exploratory rummaging in a person's belongings, are prohibited by the requirement of a particular description of the things to be seized." United States v. Haimowitz, 706 F.2d 1549, 1558 (11th Cir. 1983)(citations and internal quotations omitted).   Accordingly, the police generally must not exceed the terms of the authorizing warrant when conducting a search.   "The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another." Marron v. United States, 275 U.S. 192, 196 (1927).   Evidence seized in excess of the scope of a search warrant may be suppressed.   United States v. Foster, 100 F.3d 846, 849-52 (10th Cir. 1996); United States v. Fuccillo, 808 F.2d 173, 177-78 (1st Cir. 1987); United States v. Coleman, 805 F.2d 474, 483 (3d Cir. 1986).

6

## C. Discussion

A commonsense and practical review of the affidavit and search warrant in this case leads to the conclusion that probable cause was sufficiently set forth to justify a search of the premises for evidence of drug trafficking. The affidavit states that the affiant had received information from a confidential source that the source had purchased cocaine at unspecified times in the past from an individual identified only as "Carlos," who resided in Riverdale. Within 72 hours before the affidavit was prepared and the search conducted, police officers had surveilled a residence in Riverdale they believed to be leased to "Carlos." They also had arranged and supervised a controlled purchase of cocaine by the confidential source from this residence. The confidential source was searched before and after he entered the premises for the controlled purchase. Immediately after, he was found in possession of cocaine allegedly obtained from "Carlos." The confidential source also stated that he had observed two kilograms of cocaine packaged for sale in the residence while he was there. All of this information would lead a reasonable officer to conclude that cocaine and other evidence of drug trafficking would probably be found on the premises.

While some of the information about prior drug deals was not time-specific, the information regarding the most recent transaction

7

– which occurred within 72 hours before the warrant was issued – was certainly not stale.  Given this short time span from the controlled buy until the issuance of the warrant, it would be likely that evidence of criminal activity would still be on the premises.

While no qualifications or other specific indicia of reliability for the confidential source were set forth in the affidavit, the information in the affidavit was corroborated by the information obtained from the controlled purchase – the confidential source went into the premises with no drugs and came out with a sample of cocaine.  Accordingly, the undersigned concludes that, under the totality of the circumstances, Defendant's attack on the warrant on the basis of unreliability of the informant is not well taken.

As for the search of the garage, the undersigned concludes that it was justified as within the scope of the search warrant.  The undersigned acknowledges that the affidavit and the warrant were in some respects poorly drafted.  Indeed, in the warrant itself, the judge found "probable cause to believe that in the <u>boxes</u> particularly described in the foregoing paragraph, there is now evidence of the possession of cocaine. . . ."  (Emphasis added). There is no reference, however, to "boxes" in the preceding paragraph describing the premises to be searched.  Nevertheless, the intent seems clear enough that the judge was finding probable cause

AO 72A
(Rev.8/82)

to search the premises specifically referenced in this paragraph, despite the inexplicable reference to "boxes." This conclusion is supported by the language of the next paragraph in which the judge commands that the officers may "enter, search, and seize within ten (10) days of this date, the person, premises, or property described above." The premises where the controlled purchase occurred is described with particularity in the affidavit and in the warrant.

As for the search of the car in the garage, it seems clear that the garage is included in the warrant as part of the "premises." Indeed, the premises are described as "a single family house, with a red brick front, with black shutters, black door and a white <u>garage</u> door." (Emphasis added). As a general matter the term "premises" includes within its scope (and the scope of any search) a car parked in a garage or on the premises in a driveway. <u>See United States v. Cole</u>, 628 F.2d 897, 899-900 (5th Cir. 1980)(search of truck in carport within scope of warrant);[1] <u>United States v. Napoli</u>, 530 F.2d 1198, 1200-01 (5th Cir. 1976)(search of camper in driveway authorized under warrant to search premises); <u>United States v. Ridolf</u>, 76 F.Supp.2d 1305, 1311 (M.D. Ala. 1999)(car in driveway within scope of warrant to search premises); <u>United States v. Brown</u>,

---

[1]     Decisions of the Fifth Circuit rendered prior to October 1, 1981, are binding precedent in the Eleventh Circuit. <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).

AO 72A
(Rev.8/82)

822 F.Supp. 750, 753-54 (M.D.Ga. 1993)(search of back yard within scope of warrant for premises); see also United States v. Bonner, 808 F.2d 864, 868 (1st Cir. 1986)(warrant sufficient to embrace reach of garage); United States v. Percival, 756 F.2d 600, 612-13 (7th Cir. 1985)(search warrant for premises permits search of vehicle found on premises). In this case, as in these other cases, the search of the garage and the vehicle within the garage should also be authorized as within the scope of the warrant to search the described premises.

Furthermore, even if there was some infirmity traceable to the staleness of some of the information, the reliability of the informant, or the specificity of the scope of the search, the good faith exception to exclusion would apply. This warrant is not so lacking in probable cause or facially deficient so that a reasonable officer could not rely upon it in good faith.

In short, the motions to suppress should be **DENIED**.

## II.
## Conclusion

In conclusion, **IT IS RECOMMENDED** that the motions for Jackson v. Denno hearing filed by Juan Campos-Reyes and Miguel Angel Serura-Farfan [Doc. 61,64] be **DENIED**. **IT IS FURTHER RECOMMENDED** that the motions to suppress evidence on behalf of Defendants Segura-Farfan [Docs. 62, 77] and Ayala-Castaneda [Doc. 68] be **DENIED**. It appearing

AO 72A
(Rev.8/82)

that there are no further pretrial or discovery matters to bring before the undersigned it is therefore **ORDERED** that this **CASE** be and is hereby **CERTIFIED** as ready for trial.

     **SO REPORTED AND RECOMMENDED,** this 15th day of May, 2009.

<u>/S/ E. Clayton Scofield III</u>
E. Clayton Scofield III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)