IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PORFIRIO AYALA-CASTANEDA, | : | MOTION TO VACATE |
| BOP No. 60695-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:12-CV-1757-ODE-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:09-CR-64-1-ODE-ECS |

**FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Porfirio Ayala-Castaneda's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. No. 157]. For the following reasons, the undersigned recommends that Mr. Ayala-Castaneda's motion be dismissed and that no certificate of appealability be issued.

In Feburary 2009, Mr. Ayala-Castaneda was indicted for four serious drug and firearm offenses, including one arising under 18 U.S.C. § 924(c). [Doc. No. 35]. After the trial date was continued to permit plea negotiations to be completed [Doc. No. 108], Mr. Ayala-Castaneda pled guilty to all four counts against him [Doc. No. 124]. At his plea hearing, the Honorable Orinda D. Evans explicitly confirmed and reconfirmed Mr. Ayala-Castaneda's wish to plead guilty to all four counts, received the Government's proffer of evidence against him, and found that there was a factual basis for each count of conviction. [Doc. No. 143]. In particular, after Mr. Ayala-Castaneda asserted that the firearm "didn't have any magazine," was "locked," and

was not available to protect his drugs [id. at 26-27], Judge Evans had the government state the three elements required to convict him under § 924(c), including that "the defendant possessed a firearm in furtherance of the drug trafficking offense" [id. at 32-33]. Judge Evans then asked Mr. Ayala-Castaneda whether he still wished to "give up [his] right to make the Government prove each of those elements beyond a reasonable doubt at trial," and he responded "yes." [Id. at 33].

During the course of sentencing, when Mr. Ayala-Castaneda asserted that he had not seen the Pre-Sentence Investigation ("PSI") report, Judge Evans recessed proceedings to permit Mr. Ayala-Castaneda and his attorney an opportunity to review it fully, together. [Doc. No. 144 at 8-9]. Only after Mr. Ayala-Castaneda stated that he had a good understanding of the PSI did Judge Evans sentence him to concurrent 120-month terms of imprisonment on three counts and a consecutive 60-month term of imprisonment on the § 924(c) count. [Id. at 10; see also Doc. No. 133]. The 120-month sentence represented a downward departure in Mr. Ayala-Castaneda's favor from the United States Sentencing Guidelines' range of 135 to 168 months for his offenses and criminal history level. [See Doc. No. 144 at 4].

To preserve an issue on which the federal circuit courts were then split with respect to § 924(c), Mr. Ayala-Castaneda's attorney filed a notice of appeal. [Doc. No. 134]. The United States Court of Appeals for the Eleventh Circuit granted Mr.

Ayala-Castaneda's attorney an extension of time to brief the appeal until 30 days after the publication of the United States Supreme Court's then-pending decision in <u>Abbott v. United States</u>, 131 S. Ct. 18 (2010), and a companion case. [Doc. No. 145]. When the Supreme Court decided <u>Abbott</u> and its companion case adversely to the petitioners-criminal defendants - foreclosing the § 924(c) argument preserved for appeal - Mr. Ayala-Castaneda's attorney filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and sought permission to withdraw. In July 2011, after "an independent examination of the entire record [that] reveal[ed] no arguable issues of merit," the United States Court for the Eleventh Circuit permitted Mr. Ayala-Castaneda's attorney to withdraw and affirmed Mr. Ayala-Castaneda's convictions and sentence. [Doc. No. 152 at 2].

This matter is now before the Court because Mr. Ayala-Castaneda alleges that he received ineffective assistance from counsel with respect to his § 924(c) conviction and sentence. [Doc. No. 157]. In particular, Mr. Ayala-Castaneda alleges that he "does not qualify to be sentenced to the charge, 18 U.S.C. § 924(c)(1)(A)." [<u>Id.</u> at 4].

Three members of the Eleventh Circuit – looking, among other things, specifically at the propriety of Mr. Ayala-Castaneda's § 924(c) conviction and sentence – have already held that their "independent examination of the entire record reveal[ed] no arguable issues of merit." [Doc. No. 152 at 2].

AO 72A
(Rev.8/82)

Furthermore, Judge Evans earlier determined that the Government's proffer at Mr. Ayala-Castaneda's plea hearing of the evidence it would have presented at trial satisfied the requirement that there be a factual basis for Mr. Ayala-Castaneda's plea to the § 924(c) count. And Mr. Ayala-Castaneda himself confirmed during his plea hearing that he wished to waive the Government's obligation to prove that he possessed a firearm in furtherance of a drug trafficking crime.

In these circumstances, with respect to Mr. Ayala-Castaneda's § 924(c) conviction and sentence, his attorney cannot be found to have provided representation that fell below the standards for effective assistance of counsel set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and subsequent cases. Mr. Ayala-Castaneda cannot "establish that no competent counsel would have taken the action that his counsel did take." <u>Chandler v. United States</u>, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).

Because Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires that "[i]f it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion," the undersigned **RECOMMENDS** that Mr. Ayala-Castaneda's § 2255 motion be **DISMISSED**.

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order

4

adverse to the applicant." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted). Mr. Ayala-Castaneda has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable. The undersigned **RECOMMENDS** that a Certificate of Appealability be **DENIED** in this case.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 5th day of June, 2012.

> ***S/ E. Clayton Scofield III***
> E. CLAYTON SCOFIELD III
> UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| PORFIRIO AYALA-CASTANEDA, | : | MOTION TO VACATE |
| BOP No. 60695-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:12-CV-1757-ODE-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:09-CR-64-1-ODE-ECS |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review

of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED,** this 5th day of June, 2012.

> *S/ E. Clayton Scofield*
> E. CLAYTON SCOFIELD III
> UNITED STATES MAGISTRATE JUDGE

2

AO 72A
(Rev.8/82)